## THE ROCKFORD INSURANCE COMPANY

### v.

## BENJAMIN F. WRIGHT.

*Fire Insurance—Policy— Conditions—Vacancy—Waiver—Evidence— Instructions.*

1. A technical defense is valid if supported by the evidence.
2. A building insured as, and leased for a store room, in the process of ordinary preparation—not repair—for such purpose, is not vacant or unoccupied.
3. Where an insurance company has, by its agent, received notice of the vacancy of a building insured therein, and said agent assures the policy holder that it is "all right and we will take care of it," it can not, in case of loss during vacancy, insist upon the same as a breach of the contract, and thus avoid payment.
4. It is not necessary that every instruction given in a case, should be a full and complete statement of the rules and principles of law involved.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. BROWN & KIRBY, for appellant.

Messrs. MORRISON & WHITLOCK and O. A. DE LEUW, for appellee.

WALL, J.   Action upon a policy of insurance.   Judgment for plaintiff for $1,575.

Two questions are presented by the record:

1. Was the property vacant or unoccupied within the meaning of the policy?

2. If it was so vacant or unoccupied, was there a waiver of the objection?

Both questions were solved against appellant by the verdict of the jury.

As to the first we are inclined to the opinion that the conclusion reached was the correct one.

The building was designed for mercantile purposes and was insured to be so used. It had been vacant for some time but was leased to a new tenant who proposed to place therein a stock of merchandise as soon as the room could be cleaned and made ready.

The tenant had possession and was having the room cleaned, and had left in the room the implements and tools used for that purpose. During the night a fire broke out in another part of the square which extended to this building and destroyed it.

It is rather a narrow view that the building, under the circumstances, was vacant or unoccupied. The object of the insurer in stipulating for occupancy is to secure additional vigilance and assistance in preventing and extinguishing fire, and in all cases the occupancy is to be according to the use for which the building is intended. A store room is closed during the night, and had this room been full of goods, there would have been practically the same condition as there was so far as actual occupancy was concerned.

Having been leased for that purpose, and being then in the process of ordinary preparation—not repair—it was not vacant or unoccupied if those terms are given a reasonably fair and liberal meaning. Wood on Fire Ins., Sec. 91.

As to the second point, whether there was a waiver, it is not material to inquire if the foregoing view is correct. But conceding it is not, then whether there was a waiver or whether the company, by its knowledge, through its agent, of the situation, is estopped to make the defense, is a mere question of fact which is settled by the verdict, and we think, after fully considering the testimony, there is no occasion to

interfere with the conclusion of the jury in this respect. The loss was in no way caused by the alleged vacancy, and therefore the defense is purely technical, though none the less valid if supported by the evidence.

The jury chose to believe the testimony of the plaintiff that he notified the agent of the condition of the property, and that the agent made the reply as stated.

Though there is serious conflict as to this point, it may be said that the version given by the plaintiff is by no means unreasonable. Indeed it is quite in accord with common experience, and we can not say the jury should have disbelieved it.

It is insisted that the court erred in giving the third instruction asked by plaintiff. The ground of objection stated in the brief is that it was calculated to mislead the jury, and to induce them to suppose that Brown, the agent, had power to waive a forfeiture. Without stopping to discuss the point whether the agent had power to do so or not, we think such is not the purport of the instruction. It merely advised the jury that upon a certain state of facts, to wit, notice to the agent of the condition of the property and his assurance that it was " all right and we will take care of it," and reliance by plaintiffs upon such assurance, then the company could not insist upon a forfeiture by reason of such facts. In other words, after the company had by its agent received the notice, and by him had given the assurance referred to, it can not permit the policy to remain uncanceled, and then when a fire occurs set up the right to forfeit because the building was vacant or unoccupied. We think there is no substantial ground of complaint in reference to this instruction.

It is also urged that the fifth instruction for the appellee was erroneous, the objection stated in the brief being that it left the jury to determine, as matter of law, what constituted an occupation consistent with the uses for which it was insured.

Turning to the instructions given at the instance of appellant we find the court very fully advised the jury as to what occupation would be consistent, etc.

Indeed, we think the appellant received from the court a more favorable statement in this respect than it could strictly have required.

It is not necessary that in every instruction there should be a full and complete statement of the principles and rules of law involved. Such a course would render the practice of giving instructions more imperfect than it now necessarily is under our system. Conceding that this instruction leaves something for the jury to supply in the way of a definition, the want is very amply met in several of those given at request of appellant.

But we do not see that there is really any fault. The occupation must be consistent with the purposes for which the building was designed and insured, and so the court told the jury. It could hardly have said more without invading the province of the jury to determine whether under the facts there was such occupation. Nor do we think the language of the instruction would mislead the jury as to what was the issue referred to therein, or that it erred in calling special attention to certain facts therein set forth, as suggested by counsel.

No other points are made in the brief and upon consideration of the whole case we are of opinion that substantial justice has been done by the judgment. It will be affirmed.

*Judgment affirmed.*